FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 16 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHARLES CARNEGLIA,

        Petitioner,

– against –

UNITED STATES OF AMERICA,

        Respondent.

MEMORANDUM, ORDER, AND JUDGMENT

11-CV-4181

**JACK B. WEINSTEIN, Senior United States District Judge:**

A. **Introduction**

Charles Carneglia seeks relief pursuant to 28 U.S.C. § 2255. Petitioner was convicted in March 2009, after a jury trial, of racketeering conspiracy and extortion conspiracy; he was sentenced to life imprisonment and fined $500,000. An appeal was taken. The judgment was affirmed.

The parties have agreed that the case is best decided on the extensive submitted papers, without oral argument. Carneglia's submission was prepared with the help of a skilled author. It is doubtful that any oral argument would be useful in supplementing the voluminous written record.

Given the information contained in the petition, the full record of the trial conducted by the present judge, observation of the petitioner's relationship with trial counsel and his participation during the course of the trial, as well as the exhibits provided by the government, an

1

evidentiary hearing is neither required nor desirable. *See* 28 U.S.C. § 2255(b); *see also* Ex. 1 to Gov. Mem. (declaration of petitioner's trial counsel); Ex. 2 to Gov. Mem. (declaration of petitioner's appellate counsel); Ex. 3 to Gov. Mem. (transcript of Jan. 22, 2009 jury selection); Ex. 4 to Gov. Mem. (Jan. 28, 2009 newspaper article describing petitioner's criminal case); Ex. 5 to Gov. Mem. (Dec. 29, 2008 letter from the government to petitioner's trial counsel).

The written record—without considering the observations of the court made during the course of the trial—requires dismissal of the petition on the merits. The same conclusion would be reached without consideration of the exhibits attached to the government's memorandum.

To set the stage, the government's evidence at trial in petitioner's RICO case was overwhelming. Extensive credible evidence of murder, narcotics trafficking and related offenses, extortion, robberies, and participation in other Mafia enforcement activities supported the verdict.

Each of the claims asserted by petitioner is unsubstantiated.

1. **Courtroom Closure**: The petitioner contends that the courtroom was closed to the public during voir dire proceedings. The record shows otherwise.

The jury was instructed in open court before filling out an extensive questionnaire, and the court ruled on challenges for cause based on answers given to the questions.

Individual members of the venire were interviewed in a large room adjoining the courtroom that was open to the public. Members of the press were present. Counsel for the defendant, as well as the defendant himself, were aware that any member of the public could walk into that room and find seating.

Individual jurors were not questioned in the courtroom before the entire panel based upon the fear that an individual juror might blurt out something prejudicial, tainting the panel and requiring voir dire to begin again, at great expense. During the voir dire, some of the prospective jurors—by statements they made and their general attitudes—did express prejudice towards the defendant, thereby demonstrating the wisdom of the decision.

This procedure was consented to by defense counsel. Throughout the proceedings, the petitioner participated aggressively and aided his counsel. There is no merit to the public-trial claim, or to petitioner's claim that he was deprived of the effective assistance of counsel by his counsel's failure to object to the procedure utilized.

2.  **Exclusion from Sidebars**: It was clear to defense counsel and to the petitioner that he could be present at sidebars. A defendant's coming up to the sidebar while the jury is present is awkward. It tends to be prejudicial to the defendant. The court and defense counsel recognized this, and the petitioner agreed that only counsel and the court would be present at the sidebar.

Sidebars were of no significance in this case. At the outset, the court indicated that it strongly discouraged sidebars. It held extensive *in limine* hearings before the trial began. Each morning, before the jury arrived, the court dealt with problems that might otherwise have to be raised at a sidebar. The court strongly discourages sidebars since they (a) slow down the case; (b) give the jury the impression that things are being hidden to keep them from considering relevant evidence; and (c) the defendant may think that a potentially prejudicial matter is being taken up by counsel and the court and that he should be privy to it.

3

The declaration of one of petitioner's trial attorneys adds additional—but unneeded—evidence demonstrating that counsel advised petitioner of his right to be present at sidebars. *See* Ex. 1 to Gov. Mem ¶ 4. Petitioner agreed not to be present.

The ineffective assistance claim based on this issue is spurious.

3. **Decision Not to Testify**: Petitioner was an experienced professional criminal with a sophisticated knowledge of court operations. Defense counsel was highly skilled. Counsel explained in his declaration—which is not needed for this decision—that he advised petitioner of his right to testify and that petitioner agreed to stay off the stand. *See id.* ¶ 5.

It was apparent from the outset of the trial that petitioner would not testify. In addition to the crimes charged in the indictment, petitioner's other criminal history was reprehensible. Taking the witness stand and subjecting himself to cross-examination would have allowed the government to demonstrate convincingly that the petitioner was incorrigible, with a background that would be terrifying to any juror.

The petitioner is highly intelligent and street-smart. He was fully aware that his taking the stand would have sealed his fate. He and his attorney obviously discussed the matter. After full, informed consideration, petitioner chose not to testify.

Petitioner's ineffective assistance contention, based on his failure to testify, has no merit.

4. **Jury Instruction**: The instruction given to the jury on evaluating testimony was accurate. The court's instruction, while more compact, were at least as protective as the instruction petitioner requested.

Petitioner's ineffective assistance claim, premised on a putative error in the jury instructions, is frivolous.

5. **Ineffective Assistance of Appellate Counsel**: The declaration of petitioner's appellate counsel, reflecting the choices she made in challenging the judgment below, make it clear that counsel was effective in prosecuting petitioner's direct appeal. *See* Ex. 2 to Gov. Mem.

6. **Double Jeopardy**: Petitioner's double jeopardy claim has no viability. The 2001 indictment relied upon by petitioner was quite different in every relevant respect from the 2008 indictment that is now being challenged. The time periods addressed in the indictments were different. The 2008 indictment covered a far larger time period and different types of charged activities. The persons including in the racketeering acts and the witnesses were different. The RICO predicates in the indictments were different. The racketeering activity charged in the 2008 indictment was far more extensive, and the scope of the corrupt activity covered in the 2008 indictment was far greater. *See, e.g., United States v. Russotti*, 717 F.2d 27, 33 (2d Cir. 1983) (setting forth five factors to be considered in determining whether RICO counts charge distinct patterns of racketeering activity). None of the *Russotti* factors support the petitioner.

The double jeopardy contention and petitioner's concomitant ineffective assistance claim are made up out of whole cloth. They are without merit.

7. **Vagueness and Constructive Amendment of the Indictment**: The argument that the extortion conspiracy charge—Count 2—was unconstitutionally vague is based upon the contentions that the person extorted was referred to as "John Doe #1" in the indictment and that the extortion was charged to have taken place "within the Eastern District of New York and elsewhere." The issue was not raised on appeal. It is defaulted.

The charge was, in any event, sufficiently precise to protect petitioner's constitutional rights. *See United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999). There was no point in a

5

request for a bill of particulars, since full discovery and what was, effectively, access to the prosecution's files made the petitioner aware of the details necessary to prepare for trial and to protect against double jeopardy. Petitioner knew, long before the trial, John Doe #1's identity. In a letter to defense counsel from the government, the name was provided. *See* Ex. 5 to Gov. Mem. Pursuant to the court's direction, provided over three weeks before the trial began, all of the necessary documents were provided. And the trial evidence and jury instructions in this case did not serve to amend the indictment.

Carneglia's contentions regarding vagueness and amendment to the indictment are rejected.

B.  **Conclusion**

There is no factual or legal basis for granting the petition. There is no reason to hold an evidentiary hearing. There is no need for appointment of counsel. The petitioner's rights were fully protected. He was represented by skilled and assiduous counsel at trial and on appeal. They did all that could be done for him.

The petition is dismissed on the merits. No constitutional violation has been shown. A certificate of appealability is denied. *See* 28 U.S.C. § 2253(c)(1)(B).

The *pro se* section of the Clerk's Office shall provide the petitioner with whatever papers he requests to facilitate his seeking a certificate of appealability from the Court of Appeals for the Second Circuit. *See id.*

No costs or disbursements are granted.

SO ORDERED.

Jack B. Weinstein

Senior United States District Judge

Dated: March 16, 2012
       Brooklyn, New York